UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GILMORE, M.D., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:22 CV 1008 JMB |
| WASHINGTON COUNTY MEMORIAL HOSPITAL, MERCY HOSPITAL JEFFERSON, MICHELE MEYER, JENIFER FERGUSON, and ANNA MARLER, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Washington County Memorial Hospital (WCMH), Michele Meyer, Jenifer Ferguson, and Anna Marler's Motion to Dismiss (Doc. 15) and Defendant Mercy Hospital Jefferson's Motion to Dismiss (Doc. 47). For the reasons set forth below and in this Court's June 22, 2023 Memorandum and Order (Doc. 46), the Motions are **GRANTED in part and DENIED without prejudice in part**.

### Procedural History

Plaintiff's September 24, 2022, Complaint alleges a variety of claims related to the termination of his employment. As to all Defendants, he alleges a "Class of one" discrimination claim in Count I; a substantive due process claim as to the "right to medical privacy & exercise of independent medical judgment" in Count II; another substantive due process claim for "egregious government misconduct" in Count III; a retaliation for "expressive conduct" claim in Count IV; and a "stigma plus" defamation due process claim in Count V, all pursuant to 42 U.S.C. § 1983. Each of these claims are alleged against each Defendant. He also alleges two

state law claims as to all Defendants; slander (count VI) and tortious interference with business expectancy (Count VII).  Finally, he alleges a breach of contract claim (Count VIII) against WCMH only.

All Defendants, except Mercy Hospital Jefferson (MHJ), filed a motion to dismiss on February 9, 2023 to which Plaintiff responded (Docs. 15, 18, 24).  That motion was granted in part and taken under advisement in part on June 22, 2023; Plaintiff's § 1983 claims were dismissed with prejudice and the remainder of the motion to dismiss, as to the state law claims, was taken under advisement.  Plaintiff was also ordered to show cause by July 6, 2023 why Counts I-V against Defendant MHJ should not be dismissed for failure to state a claim.  Prior to that deadline, MHJ filed the pending motion to dismiss on June 22, 2023, arguing that Plaintiff has failed to state a claim and adopting the argument made by the other Defendants.  Plaintiff has neither responded to the Order to Show Cause nor MHJ' s Motion to Dismiss as of the date of this Memorandum and Order.

**Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to

plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555-56; Fed. R. Civ. P. Rule 8(a)(2). However, the principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Rossi v. Arch Insurance Company, 60 F.4th 1189, 1193 (8th Cir. 2023) ("We are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level" (quotation marks and citation omitted)).

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "Though 'matters outside the pleadings' may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017) (citation omitted). Materials embraced by the complaint include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012) (quotation omitted). Thus, "[i]n a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003). Stated more comprehensively, courts may consider "matters

incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment." Zean, 858 F.3d at 526 (quoting Miller v. Redwood Toxicology Lab, Inc., 688 F.3d 928, 931 & n.3 (8th Cir. 2012) (internal quotation and citation omitted)). The only material outside of the pleadings considered by the Court are Plaintiff's state court filings, which are public records.

## Discussion

The June 22, 2023, Memorandum and Order set forth the allegations in this case and they will not be repeated here. As set forth in that Order, Plaintiff failed to state a claim as to his § 1983 claims because: (1) class-of-one claims are not actionable in a public employment scenario; (2) Plaintiff failed to set forth the violation of a fundamental right or conscious-shocking conduct to support a substantive due process claim; (3) Plaintiff failed to show that he engaged in protected activity and was fired as a result; and (4) Plaintiff failed to allege facts that would demonstrate a due process claim. As such, his § 1983 claims were dismissed with prejudice. In doing so, this Court noted that these same conclusions can be reached regarding Plaintiff's claims against MHJ. In particular, this Court found that Plaintiff makes no specific allegations against MHJ, and that he appears to instead assert a *respondeat superior* claim that is not possible under § 1983. Therefore, this Court indicated that it would dismiss the § 1983 claims against MHJ unless Plaintiff could show cause why they should remain. As noted above, Plaintiff did not respond to the Court's order; nor has he responded to MHJ's motion to dismiss.

Therefore, for the reasons set forth in the June 22, 2023 Memorandum and Order, Plaintiff has failed to state a § 1983 claim against Defendant MHJ. In light of this conclusion,

and because for further federal claims remain, the undersigned declines to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3); <u>Gregoire v. Class</u>, 236 F.3d 413, 419-20 (8th Cir. 2000). They are accordingly dismissed without prejudice.

### Conclusion

For the foregoing reasons, Defendants WCMH, Michele Meyer, Jenifer Ferguson, and Anna Marler's Motion to Dismiss (Doc. 15) and MJH's Motion is Dismiss (Doc. 47) are **GRANTED in part and DENIED without prejudice in part**

**IT IS HEREBY ORDERED:**

1. The Motions to Dismiss is **GRANTED** as to Counts I-V (federal claims). Those claims are **DISMISSED with prejudice** for failure to state a claim.

2. The Motion to Dismiss is **DENIED without prejudice** as to Counts VI-VII (state law claims). Those claims are **DISMISSED without prejudice.**

3. The Clerk of Court is directed to close this case accordingly once judgment enters.

_____
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this __7th__ day of August, 2023